**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA**
**Roanoke Division**

| | |
|---|---|
| BRUCE A ESTES, )<br>Inmate Number 1185224, )<br>　　　　　Plaintiff, )<br>　　　　　　　　　　 )<br>v. )<br>　　　　　　　　　　 )<br>VIRGINIA DEPARTMENT )<br>OF CORRECTIONS, *et al.*, )<br>　　　　　Defendants. ) | CASE NO.  7:25cv00817 |

**<u>MEMORANDUM IN SUPPORT</u>**

Defendants, Virginia Department of Corrections ("VDOC"), Green Rock Correctional

Center ("GRCC"), and Ross Maurice ("Maurice"), by counsel [1] submit the following in support

of their Motion to Dismiss the Complaint (ECF No. 1).

Plaintiff Bruce A. Estes ("Plaintiff" or "Estes"), Inmate No. 1187428, is an inmate within

the lawful custody of the Virginia Department of Corrections ("VDOC").  Estes filed a

Complaint ("Complaint" or "ECF No. 1") pursuant to 42 U.S.C. § 1983, alleging generally that

the Defendants were deliberately indifferent to his medical needs in violation of the Eighth

Amendment when they failed to provide him with medical treatment. Plaintiff is seeking relief in

the form of a declaratory judgement that Defendants violated his Eighth Amendment rights,

injunctive relief ordering the treatment, and compensatory damages. Compl. at p. 6-7.

The facts out of which this case arise are that on or about October 8, 2025, the Plaintiff

sought out the advice of the Virginia Commonwealth University (VCU) Medical Center for an

issue with pain related to herniated disks in his spine. Compl. at p. 5. During this time, Plaintiff

was being housed at GRCC. Compl. at 4. Medical staff at VCU suggested the use of a "TENS

---

[1] The Office of the Attorney General does not represent Defendant Copeland or Defendant Reaves.

unit" (transcutaneous electrical nerve stimulation). Compl. at p. 5. Despite these recommendations, Plaintiff claims that "Defendants" were aware of his condition and "failed to act", which amounted to "deliberate indifference." Compl. at p. 6. As a result, Plaintiff is suffering from debilitating pain. Compl. at p. 5.

Plaintiff asserts one claim:

**Claim #1**: "Defendants failure to provide medically necessary treatment constitutes deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment to the U.S. Constitution." Compl. at p. 6. [2]

Plaintiff states this claim generally as to apply to all three of the named Defendants, VDOC, GRCC and Maurice.

### Defendant VDOC and GRCC not "persons" under § 1983

Plaintiff has not stated a cognizable claim against VDOC and GRCC. By enacting 42 U.S.C. § 1983, Congress provided a mechanism through which a civil plaintiff could recover damages from an individual who, acting under color of state law, violated the plaintiff's federal constitutional rights. But 42 U.S.C. § 1983 only authorizes suit against a "person" who has deprived an individual of their constitutional rights. And as the United States Supreme Court has unequivocally held, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Reasoning that § 1983 was not "intended to disregard the well-established immunity of a State from being sued without its consent," the Supreme Court concluded, instead, that 42 U.S.C. § 1983 does not provide a cause of action "for litigants who seek a remedy against a State for alleged

---

[2] Defendants have made every good faith attempt at understanding Plaintiff's claims. Should the Court disagree with Defendant's understanding of Plaintiff's claims, Defendants respectfully request an opportunity to further respond to the allegations.

deprivations of civil remedies." *Id.* at 66-67.  Thus, as the Fourth Circuit has observed, "[i]t is now well settled that a state cannot be sued under § 1983," and this rule also applies to "governmental entities that are considered 'arms of the state.'"  *Kelly v. Maryland*, 267 Fed. App'x 209, 210 (4th Cir. 2008) (per curiam) (holding that a state hospital was not amenable to suit under § 1983).

Because VDOC is a state agency and GRCC is a physical building operated by that agency, it is not a "person" that can be sued under 42 U.S.C. § 1983.  *See id.; see also Battle v. Ledford*, 912 F.3d 708, 714 (4th Cir. 2019) (distinguishing between § 1983 and the VTCA, noting that § 1983 "only applies to state officials, not states themselves"); *Brown v. Va. Beach Sheriff's Office*, 697 F. App'x 161, 162 (4th Cir. 2017) ("State entities like the [Virginia Beach Sheriff's Office] are not 'persons' under § 1983, and therefore do not qualify as proper defendants in a civil rights action."); *Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) ("The medical department of a prison may not be sued, because it is not a person within the meaning of § 1983."); *Garrett v. Angelone*, No. 00-6475, 2000 U.S. App. LEXIS 22746, at *4 (4th Cir. Sept. 8, 2000) ("[T]he Greensville Correctional Center is not a 'person' and is therefore not amenable to suit under § 1983."); *Blackwell v. Fluvanna Corr. Ctr.*, No. 7:16cv00162, 2016 U.S. Dist. LEXIS 151663, at *1 (W.D. Va. Nov. 2, 2016) ("Because a correctional center is not a 'person' subject to suit under § 1983, [the plaintiff] cannot maintain this action against the defendant correctional center."); *Ratliff v. Va. Dep't of Corrections*, 2025 U.S. Dist. LEXIS 204230, at *3 (W.D.Va. October 16, 2025) (holding VDOC is not a "person" within the meaning of § 1983); *Dougherty v. Virginia*, No. 7:12CV00549, 2013 U.S. Dist. LEXIS 27183, at *5-6 (W.D. Va. Feb. 27, 2013) (dismissing § 1983 claim against Green Rock Correctional Center as frivolous).

The Fourth Circuit has indicated at least on one occasion a preference to look to Eleventh Amendment immunity rather than an analysis of "personhood."  *See Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996).  Absolute immunity based on the Eleventh Amendment is a bar to federal court jurisdiction and therefore would preclude any analysis under § 1983.  Id.   State sovereign immunity applies regardless of whether a private plaintiff's suit is for monetary damages or some other type of relief.  *Fed. Mar. Comm'n v. S. C. State Ports Auth.*, 535 U.S. 743, 765, 122 S. Ct. 1864, 152 L.Ed. 2d 962 (2002).   The Eleventh Amendment immunity from all types of suit also applies to people and entities considered "arms of the state."  *Will*, 491 U.S. at 70.   VDOC and the prison it operates, GRCC, are certainly "arm(s) of the state" and is therefore entitled to Eleventh Amendment sovereign immunity. Therefore, Defendant VDOC and GRCC ask that the claims against them be dismissed and their involvement with this lawsuit be terminated in its entirety.

### Defendant Maurice-Lack of Personal Involvement and Failure to State a Claim

Turning to the only remaining Defendant [3], the claim against Defendant Maurice should be dismissed for lack of personal involvement and failure to state claim. In the instant case, Plaintiff identifies Defendant Maurice as the warden at GRCC. Compl. at p. 5. He goes on to say that Defendant Maurice is "responsible for the oversight of medical care. He is sued in his individual and official capacity." Compl. at p. 5. Other than that, Defendant Maurice is not mentioned in the complaint except in a conclusory catch all statement in which Plaintiff asserts: "defendants were aware of Plaintiff's serious medical condition and the recommendations of outside specialists but failed to act, demonstrating deliberate indifference." Compl. at p. 6. Additionally, on or about February 23, 2025, Plaintiff filed ECF No. 20, which Plaintiff

---

[3] The Office of the Attorney General does not represent Defendant Copeland or Defendant Reaves.

identifies as all internal grievances related to this matter that Plaintiff submitted. In ECF No. 20, there is a Level I grievance that may be signed by Defendant Maurice. See. ECF No. 20, P 4. There is no context given as to the significance of these documents. More than likely they are submitted to show that Plaintiff exhausted his administrative remedies before filing this action. That is the full extent of Defendant Maurice's involvement with this lawsuit. The mere act of denying a prison grievance does not establish a constitutional violation or a § 1983 claim. *See Booker v. S.C. Dep't. of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Snodgrass v. Richardson*, 2024 U.S. Dist. LEXIS 53114 at *20 (W.D.Va. March 25, 2024)(quoting *Galagher v Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)). There is no alleged action or omission on the part of Defendant Maurice cited anywhere in the Complaint. Plaintiff asserts no factual basis to assign any deliberate indifference on the part of Defendant Maurice. Therefore, he is not fairly on notice as to the basis of the lawsuit.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L.Ed. 2d. 929 (2007). The plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Where a complaint pleads facts that are merely consistent with liability, it is insufficient to raise a plausibility of entitlement to relief as required by Fed. Rule Civ. Proc. 8(a)(2). *Ashcroft v. Iqbal*, 557 U.S. 662, 129 S. Ct. 1937 (2009); *Francis v. Giacomelli*, 588 F.3d 186 (4th Cir. 2009).

"Where a complaint alleges no specific act or conduct on the part of the defendant and

Page 5 of 11

the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974).  A complaint must provide defendants with "fair notice" of the claims against them "and the grounds upon which [they] rest[]" (internal quotation marks omitted). *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

Assuming *arguendo*, Plaintiff is attempting to assert a claim through *respondeat superior* against Defendant Maurice, *Respondeat superior* is not available in actions brought under 42 U.S.C. §1983.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S. Ct. 2018 (1978); *Vinnedge v. Gibbs*, 550 F.2d 926 (4th Cir. 1977).  Similarly, to the extent Plaintiff is attempting to bring a claim for supervisory liability against either Defendant Maurice he must show: the official was actively or constructively aware of a pervasive, unreasonable risk of harm from a specified source; the official was deliberately indifferent to that risk; and that there exists an affirmative causal link between the supervisor's inaction and a constitutional injury.  *Carter v. Morris*, 164 F.3d 215 (4th Cir. 1999); *Campbell v. Angelone*, 2004 U.S. Dist. LEXIS 30065, 6-7 (W.D. Va. Apr. 16, 2004).  There has been no showing of any of the elements necessary to assert a claim under a theory of supervisory liability for either Defendant Maurice. Here, there has been no assignment of knowledge other than a conclusory, general statement about the knowledge of all Defendants, no act or omission on the part of Defendant Maurice, nor a causal link.

Even if Plaintiff could overcome the lack of personal involvement, he fails to state an Eighth Amendment claim of deliberate indifference.  The Eighth Amendment prohibits cruel and unusual punishment.  In doing so, the Amendment imposes certain duties on prison officials to provide humane conditions of confinement, ensure that inmates receive life's necessities, and take reasonable measures to guarantee the safety of inmates. "Only deliberate indifference to an

inmate's serious medical need would constitute cruel and unusual punishment under the Eighth Amendment." *Cheeks v. Hamilton*, 2025 U.S. Dist. LEXIS 213393, at *8 (W.D.Va. October 29, 2025) (*quoting* Jackson v. Lightsey 775 F.3d. 170, 178 (4th Cir. 2014)). To prove deliberate indifference, the Plaintiff would have to show that the prison official had: "actual …knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id*. Furthermore, a non-medical official cannot be held liable for a failure to provide an inmate medical treatment, provided they were under the care of health care providers. *Cheeks v. Hamilton*, 2025 U.S. Dist. LEXIS 213393, at *8 (W.D.Va. October 29, 2025) (citing Mitier ex rel. v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990)). In our present case, there is no deliberate indifference on the part of Defendant Maurice for the same reason there is no personal involvement. The Plaintiff has said generally that the Defendants knew of his serious medical condition and failed to act. Compl. at p. 6. There has been no specific showing of actual knowledge on the part of Defendant Maurice to both a serious medical condition and an excessive risk posed by action or inaction. Much less any act or omission that interfered with the Plaintiff's medical treatment. Moreover, based on the Complaint, he was under the care of nurses at GRCC. See Compl. at p. 5-6. Plainly put, even if there was deliberate indifference on the part of the medical providers treating Plaintiff, there has been zero showing that Defendant Maurice either omitted to take corrective action to stop it or impliedly authorized it. *Miltier v. Beorn*, 896 F.2d. 848, 854 (4th Cir. 1990)(quoting *Slakan*, 737 F.2d at 372)(quotations omitted). To the extent the Court interprets ECF No. 20, P.4 as being a Level I Grievance response from Defendant Maurice, that document at most shows that Defendants Maurice was made aware of claimed medical issues Plaintiff was having, investigated the allegations, and found no merit in them. The grievance has no context provided with it. If anything, it shows the opposite of

deliberate indifference. Further, it fails to show that Defendant Maurice had any knowledge of a

*serious* medical condition or an excessive risk posed by one. Thus, there is no showing of

deliberate indifference, as such the claim against Defendant Maurice should also be dismissed

for failing to state a claim.

### Injunctive Relief

Next, to the extent Plaintiff seeks injunctive relief, *see* Compl. at p. 6., he has not

submitted enough information that would allow this Court to grant such remedies to him.

Federal courts apply the law in *Winter v. NRDC, Inc.*, 555 U.S. 7, 129 S. Ct. 365, 172 L. Ed. 2d

249 (2008) and *Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342

(4th Cir. 2009), when analyzing requests for injunctive relief.  The *Winter* Court found that an

individual seeking a preliminary injunction must prove "(1) that he is likely to succeed on the

merits, (2) that he is likely to suffer irreparable harm in the absence of injunctive relief, (3) that

the balance of equities tips in the plaintiff's favor, and (4) that injunctive relief is in the public

interest." In *The Real Truth About Obama, Inc. v. Federal Election Commission*, the Fourth

Circuit determined that "[b]ecause a preliminary injunction affords, on a temporary basis, the

relief that can be granted permanently after trial, the party seeking the preliminary injunction

must demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the

merits at trial." *Id.* at 345 (*quoting Winter*, 555 U.S. at 22). Further, the Court asserted that

"*Winter* articulates four requirements, *each of which must be satisfied as articulated*." *Id.*

(emphasis added).

Similarly, to be granted a permanent injunction, a plaintiff must demonstrate

four elements: "(1) that it has suffered an irreparable injury; (2) that remedies available at law,

such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the

balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) that the public interest would not be disserved by a permanent injunction." *Ebay Inc. v.*

*Mercexchange, L.L.C.*, 547 U.S. 388, 391, 126 S. Ct. 1837, 164 L. Ed. 2d 641 (2006). Plaintiff

has demonstrated none of the elements of either a preliminary or permanent injunction and thus

any interpreted requests by Plaintiff for injunctive relief must be dismissed.

Along similar lines, Plaintiff seeks a declaratory judgement that Defendants violated his

Eighth Amendment rights. Compl. at p. 6. To be entitled to a declaratory judgement under 28

U.S.C. § 2201, Plaintiff would have to show a right to relief on his substantive claims. *Winston v.*

*Mannis*, 2019 U.S. Dist. LEXIS 63894 at \*16 n. 5 (W.D.Va. April 15, 2019). Here, Plaintiff

would not be entitled to any declaratory judgement as he has failed to state a claim.

### Compensatory Damages

Plaintiff seeks relief in the form of compensatory and punitive damages. Compl. at p. 7.

To the extent that the Court perceives Plaintiff's Complaint to request monetary damages against

Defendant Maurice in his official capacity, *see* Compl. at p. 5, such a claim is not cognizable in a

suit under § 1983.  Neither a state nor its officials acting in their official capacities are persons

for purposes of § 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The

Defendants in their official capacity, therefore, are immune from suit.  *Id.*

Wherefore, Defendants respectfully request this Court grant their motion and dismiss the

Complaint against them.

Respectfully submitted,

VDOC, GRCC, and Maurice

By:        /s/ Samuel D. Norman

Samuel D. Norman, VSB No. 91623
Assistant Attorney General
Office of the Attorney General
Correctional Litigation Section
202 North 9th Street, Sixth Floor
Richmond, Virginia 23219
Telephone: (804) 762-3841
Facsimile: (804) 786-4239
Email: snorman@oag.state.va.us
*Counsel for above-named Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of March 2026, I electronically filed the foregoing

document with the Clerk of the Court using the CM/ECF system, which will send a notification

of such filing ("NEF") to the following: N/A

I also hereby certify that I have mailed the document, postage prepaid, to the following

non-CM/ECF user on March 9, 2026, or as soon thereafter as possible given inclement weather:

VADOC Centralized Mail Distribution Center
Bruce A. Estes, Inmate Number 1185224
3521 Woods Way
State Farm, Virginia 23160

By:    _____/s/ Samuel D. Norman_____
Samuel D. Norman, VSB No. 91623
Assistant Attorney General
Office of the Attorney General
Correctional Litigation Section