UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

BRUCE A. ESTES,                        )
                                       )
    *Plaintiff*                        )
                                       )
v.                                     )    Civil Action No.:  7:25-cv-00817
                                       )
VIRGINIA DEPARTMENT OF                 )
CORRECTIONS, et al,                    )
                                       )
    *Defendants*                       )

**MEMORANDUM IN SUPPORT OF REAVES'S MOTION TO DISMISS**

Defendant, Nurse Reaves, by counsel, submits the following memorandum in support of her Motion to Dismiss the Complaint (ECF No. 1.)

Plaintiff Bruce A. Estes, Inmate No. 1187428, is an inmate within the lawful custody of the Virginia Department of Corrections ("VDOC"). Estes filed a Complaint pursuant to 42 U.S.C. § 1983, alleging generally that the Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment when they failed to provide him with medical treatment. Plaintiff is seeking a declaratory judgment, injunctive relief ordering the treatment, and compensatory damages. (ECF No. 1 at 6-7.) Plaintiff attached as exhibits to his Complaint various medical and grievance records.

Defendant Reaves moves to dismiss the claim against her as Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**Plaintiff's Allegations**

These allegations are based on Plaintiff's handwritten allegations as well as the facts contained in the exhibits attached to the Complaint. A court may examine documents explicitly

Timberlake**Smith**
Staunton, VA
540.885.1517

incorporated into the complaint by reference, particularly where the referenced exhibit is misrepresented or contradicts a plaintiff's allegations without converting a motion to dismiss to a motion for summary judgment. *See* Fed. R. Civ. P. 10(c); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

Plaintiff alleges that he had been diagnosed with multiple herniated discs in his cervical and lumbar spine. (ECF No. 1 at 5.) Medical specialists at the Virginia Commonwealth University (VCU) Medical Center and Centra Medical Group (CMG) Neurology recommended the use of a Transcutaneous Electrical Nerve Stimulation (TENS) unit as a non-pharmaceutical pain management tool. (ECF No. 1 at 5.) Despite those recommendations co-defendant Copeland refused to provide the TENS unit and refused to provide any form of pain management, including medications. (ECF No. 1 at 5.) Plaintiff has submitted multiple sick call requests and grievances all of which were ignored. (ECF No. 1 at 5.) Plaintiff continues to suffer from chronic, debilitating pain that interferes with daily functioning, sleep, and mobility. (ECF No. 1 at 5.) Plaintiff claims that these actions amounted to deliberate indifference. (ECF No. 1.)

Apart from listing Defendant Reaves's name in the style of the case, Plaintiff asserts no allegations against her in the body of his Complaint except to group her in with other Defendants in stating, "Defendants were aware of Plaintiff's serious medical condition . . . ." (ECF No. 1.) Plaintiff does not allege that Defendant Reaves had any clinical interaction with Plaintiff nor does he allege any facts in the body of the Complaint that support his conclusory assertion that she knew about his condition. (ECF No. 1.)

Plaintiff's exhibits show the following:

On June 7, 2023, Plaintiff was seen by CMG Neurology for neuropathy and radiculopathy. An EMG was ordered along with bloodwork. (ECF No. 1-1 at 9.)

TimberlakeSmith
Staunton, VA
540.885.1517

On March 14, 2025, Plaintiff was seen in medical for complaints that his pain medications were not working. Plaintiff was referred to a provider. (ECF No. 1-1 at 25.)

On March 26, 2025, Plaintiff was seen in medical for back pain. Plaintiff indicated he was aware he had an upcoming neurology appointment. It was noted he had no recent imaging. The provider noted that Plaintiff had missed physical therapy appointments. Cervical and lumbar spine x-rays were ordered. Plaintiff was provided with a prescription for ibuprofen. (ECF No. 1-1 at 25.)

On April 25, 2025, Plaintiff was issued a note excusing him from school for 30 days. The provider reviewed an older note and ordered Plaintiff to be scheduled for a follow-up appointment to evaluate his degenerative disc disease and to evaluate him for return to school. (ECF No. 1-1 at 23.)

On April 30, 2025, Plaintiff was seen in medical for back pain. He reported a motor vehicle accident at age 16 with a thoracic spine injury and foot numbness. Plaintiff was currently taking ibuprofen. He tried nortriptyline but it died not help his symptoms. He had seen neurology in the past and had a future consult scheduled in August. He used to take Neurontin. He also used to take Lyrica but it was stopped due to edema. Physical therapy had been ordered but  plaintiff said it did not help his foot. Orthotics were ordered for Plaintiff. Cymbalta did not help. Plaintiff had previously had an x-ray of his spine. The provider ordered an MRI of his cervical and lumbar spine and the QMC Consultation Request for such was submitted. A physical therapy evaluation was ordered. The provider sent an email to Dr. Fox regarding restarting gabapentin. (ECF No. 1-1 at 21.)

On June 12, 2025, Plaintiff was seen in medical for a medication renewal. He was ordered ibuprofen. He was ordered gabapentin as recommended by CMG Neurology. Orders for Lyrica were requested with a follow up in 60 days to see if Lyrica is helping and for any medication adjustments. (ECF No. 1-1 at 22.)

TimberlakeSmith
Staunton, VA
540.885.1517

On July 29, 2025, Written Complaint GROC-25-WRI-1400 was received in the Medical Department in which Plaintiff complained that co-defendant Copeland was not doing anything to treat Plaintiff's back pain. (ECF No. 1-1 at 17.) Nurse Reaves responded noting that Plaintiff was seen on August 12, 2025, by NP Copeland and that she prescribed Tylenol for Plaintiff, was completing a QMC Request for a neurosurgery appointment, and had ordered him a cane that was issued to him. (ECF No. 1-1 at 17.)

On August 19, 2025, Plaintiff was seen by Centra Medical Group Neurology who recommending stopping his Lyrica prescription and starting gabapentin and physical therapy. (ECF No. 1-1 at 8.) No mention of a TENS unit was made. (ECF No. 1-1 at 8.)

On August 21, 2025, Plaintiff filed Regular Grievance GROC-25-REG-00171 complaining that co-defendant Copeland was not doing anything to help with his cervical and lumbar spine pain. (ECF No. 1-1 at 12.)

On August 25, 2025, Plaintiff was seen by Centra Medical Group Neurology who recommended an orthopedic referral, a TENS unit, and a pain management referral. (ECF No. 1-1 at 7.)

On August 28, 2025, Plaintiff filed Regular Grievance GROC-25-REG-00175 complaining that co-defendant Copeland prescribed Plaintiff Mobic for his back pain. (ECF No. 1-1 at 13.)

On August 28, 2025, a QMC Consultation Request was opened by the facility provider following Centra Medical Group neurology's consult recommendations for an orthopedic referral, TENS unit, and pain management referral concerning Plaintiff's cervical and lumbar pain, radiculopathy, and neuropathy. (ECF No. 1-1 at 6.) The response to the QMC Request stated made an alternative suggestion of a neurosurgery referral to VCU. (ECF No. 1-1 at 6.) While the QMC Response indicated that a pain management referral or the TENS unit would not yet be approved, the

Timberlake**Smith**
Staunton, VA
540.885.1517

4

QMC Response indicated that Plaintiff was currently taking gabapentin and suggested an increase in the dosage as long as the referring provider deemed it appropriate. (ECF No. 1-1 at 6.)

On September 3, 2025, Written Complaint GROC-25-WRI-1831 was received in the Medical Department complaining that two doctors at DOC headquarters had denied all recommendations by the specialist at CMG neurology. (ECF No. 1-1 at 20.) Nurse Reaves responded that Dr. Amonette determined that the notes provided by CMG indicated that neurosurgery should be consulted and that surgery may be needed for adequate relief. (ECF No. 1-1 at 20.)

On September 8, 2025, Plaintiff filed Regular Grievance GROC-25-WRI-1882 complaining that Dr. Amonette at VADOC headquarters denied Plaintiff the orthopedic consult, pain management consult, and TENS unit recommended by CMG Neurology. (ECF No. 1-1 at 14.) Nurse Reaves responded stating that the specialist recommendations were not denied but that an alternative was suggested which was an outpatient appointment to a neurosurgeon and that the QMC Consultation Report was completed. (ECF No. 1-1 at 19.)

On September 9, 2025, Plaintiff filed Written Complaint GROC-25-WRI-01904 complaining that co-defendant Copeland and Dr. Amonette committed deliberate indifference by prescribing him medication he could not take because of his "CAD." (ECF No. 1-1 at 15, 18.) Nurse Reaves responded stating that Dr. Amonette and Copeland recommended evaluation by a neurosurgeon. (ECF No. 1-1 at 18.)

On October 8, 2025, he was seen by neurosurgery via a telemedicine appointment with the VCU Medical Center. (ECF No. 1-1 at 3.) The physician noted that his MRI showed "no evidence of any significant stenosis he does have a bulging L4-5 disc which tends to cause some moderate stenosis at L4-5 and severe narrowing Foraminal narrowing on the left. This probably accounts for his numb foot." (ECF No. 1-1 at 3.) The provider noted that Plaintiff was not anxious to have any

Timberlake**Smith**
Staunton, VA
540.885.1517

surgery given his cardiac issues. (ECF No. 1-1 at 3.) Ultimately, the provider stated that it would be reasonable to start with epidural steroid injections bilaterally at L4-5. (ECF No. 1-1 at 3.) Alternatively, the provider suggested the use of a TENS unit. (ECF No. 1-1 at 3.) If those options did not work, the provider suggested an appointment to consider surgery in three months. (ECF No. 1-1 at 3.)

On October 26, 2025, Plaintiff was seen in medical concerning neuropathy. It was noted that Plaintiff was already scheduled for an EMG concerning his neuropathy. (ECF No. 1-1 at 26.)

On October 29, 2025, Plaintiff sent a Facility Request addressed to Nurse Reaves asking for an update on the TENS unit. A Nurse Williams responded stating that N.P. Copeland would not order the TENS unit and that he would be receiving local back injections. (ECF No. 1-1 at 16.) There is no indication in the exhibit that Nurse Reaves actually received or reviewed this request.

## Legal Standard

The 12(b)(6) standard tests the legal sufficiency of a complaint to determine if it has properly stated a claim. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint fails to state a claim upon which relief can be granted when no relief is available under any set of facts that could be proven consistent with the allegations of the complaint. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992 (2002).

In determining the sufficiency of a complaint, Fed. R. Civ. P. 8 requires that a plaintiff plead more than unadorned, the-defendant-unlawfully-harmed-me-accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). A pleading that offers labels or conclusions or a formulaic recitation of the elements of a cause of action is insufficient. *Id.* The claim must be plausible on its face. *Id.* The plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

TimberlakeSmith
Staunton, VA
540.885.1517

6

Plaintiff must plead more than a sheer possibility that a defendant has acted unlawfully. *Id.* Naked assertions devoid of further factual enhancement are insufficient to meet the pleading standard in Fed. R. Civ. P. 8. *Id.; Oberg ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014)*; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Facts that are merely consistent with a defendant's liability fall short of the pleading standard. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id.* It is improper for a court to assume facts not alleged in the complaint. *Associated Gen. Contractors v. Cal. St. Council of Carpenters*, 459 U.S. 519, 526 (1983).

Although courts should construe pro se pleadings liberally, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "In interpreting a pro se complaint, . . . [the court's] task is not to discern the unexpressed intent of the plaintiff, but what the words in the complaint mean." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). Because courts are not required "to conjure up questions never squarely presented to them," a pro se plaintiff's claim for relief must be reasonably evident from the face of his complaint. *See Beaudett*, 775 F.2d at 1278.

### Argument

I.     <u>Plaintiff's Eighth Amendment claim should be dismissed because he fails to allege Defendant Reaves committed deliberate indifference to a serious medical condition.</u>

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain," which includes "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). To state an Eighth Amendment claim, a prisoner must plead two elements: (1) that

Timberlake**Smith**
Staunton, VA
540.885.1517

7

objectively the deprivation of a basic human need was sufficiently serious and (2) that subjectively the prison officials acted with a sufficiently culpable state of mind. *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998).

The first element is "satisfied by a serious medical condition," while the second element "is satisfied by showing deliberate indifference by prison officials." *Id.* A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). "A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at substantial risk of serious harm, usually loss of life or permanent disability." *Adams v. Compton*, No. 7:04-CV-00258, 2005 U.S. Dist. LEXIS 17432, at *28 (W.D. Va. Aug. 17, 2005), *adopted by Adams v. Compton*, No. 7:04CV00258, 2005 U.S. Dist. LEXIS 19755 (W.D. Va. Sept. 12, 2005).

To establish deliberate indifference, a prison official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Once prison officials are aware of a serious medical need, they only need to respond reasonably to the risk. *Id.* at 844. An officer's conduct must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness. *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990), *overruled in part on other grounds by Farmer v. Brennan*, 511 U.S. 825, 837 (1994). An inadvertent failure to provide adequate medical care does not satisfy the standard, and thus mere negligence in diagnosing or treating a medical condition is insufficient. *Estelle*, 429 U.S. at 105-06.

Mere disagreements between an inmate and the medical staff  do not state a claim upon which relief can be granted, as questions of medical judgment are not subject to judicial review. *Jackson v.*

Timberlake**Smith**
Staunton, VA
540.885.1517

8

*Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013); *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985); *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975).

"Liability under § 1983 is 'personal, based upon each defendant's own constitutional violations." *Baltas v. Clarke*, No. 7:20cv00276, 2021 U.S. Dist. LEXIS 50731, at *43 (W.D. Va. Mar. 18, 2021) (quoting *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017)). To state a claim under § 1983, a plaintiff must allege that the official charged acted personally in the deprivation of the plaintiff's rights. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Nurse Reaves should be dismissed as a defendant because Plaintiff does not assert any allegations against her in the Complaint other than his conclusory assertion that "defendants were aware of Plaintiff's serious medical condition and the recommendations of outside specialists but failed to act, demonstrating deliberate indifference." (ECF No. 1 at 6.) This conclusory statement is not enough to establish personal involvement in Plaintiff's medical care decision-making to satisfy the requirements of § 1983. *See Vinnedge*, 550 F.2d at 928. Recently, the Western District of Virginia held that when a plaintiff fails to "identify sufficiently the actions or inactions of each particular Defendant that would indicate that each Defendant could be held liable in connection with his claims, [plaintiff's] complaint fails to allege a plausible claim against any named Defendant." *Hinchee v. Williams*, Civil Action No. 7:25-cv-00028, 2025 U.S. Dist. LEXIS 180203, at *9 (W.D. Va. Sep. 15, 2025); *see also Smith v. Unknown Six Members of the Va. Parole Bd.*, No. 7:24-cv-00737, 2025 U.S. Dist. LEXIS 81093, at *5 (W.D. Va. Apr. 28, 2025) (complaint fails to state a claim under § 1983 because plaintiff fails to allege how defendant "is responsible for any alleged violation of [plaintiff's] constitutional rights"); *Stogsdill v. Clear*, Civil Action No. 7:23cv00133, 2025 U.S. Dist. LEXIS 58831, at *3 (W.D. Va. Mar. 20, 2025) (complaint dismissed because it failed to identify specific actions or inactions of each defendant, and made only general assertions against the group of

Timberlake**Smith**
Staunton, VA
540.885.1517

9

defendants). Plaintiff's grouping together of defendants without specifying what action Defendant Reaves took that Plaintiff claims violated the constitution is not sufficient to state a claim.

Even if this Court construes the exhibits as asserting allegations against Defendant Reaves, the exhibits do not establish deliberate indifference. The exhibits show that Defendant Reaves had no clinical involvement with Plaintiff's treatment and that she only answered four Written Complaints concerning his care. In answering those Written Complaints, Nurse Reaves reviewed his records and saw that Plaintiff was receiving care from other providers and that his concerns were being addressed. (ECF No. 1-1 at 14, 17-18, 20.) While Plaintiff would have preferred a TENS unit, he was otherwise provided with attentive care. Plaintiff's clinical care team frequently had office visits with him in the Medical Department. (ECF No. 1-1.) He was ordered imaging of his spine including an MRI and x-rays. (ECF No. 1-1 at 3, 21, 25.) He had access to various forms of pain medication and adjustments were made to his regimen when appropriate. (ECF No. 1-1 at 6, 8, 21-22, 25.) He saw multiple specialists including a neurosurgeon and a neurologist, and he was referred to physical therapy. (ECF No. 1-1 at 3, 8-9, 21, 25.) He was also provided with a cane and local spinal injections. (ECF No. 1-1 at 16-17.) Clearly, his care team was not indifferent to his concerns and did not deny him treatment, therefore this case is one of a disagreement with the type of medical care provided which is not cognizable under the Eighth Amendment. *See Wright*, 766 F.2d at 849.

Even though Plaintiff was not provided with the TENS unit recommended by the specialist, that does not establish that providers were deliberately indifferent to his condition, because disagreements between doctors as to the proper course of treatment do not state a claim of deliberate indifference. *See Brown v. Coyner*, No. 7:22CV00251, 2025 U.S. Dist. LEXIS 48025, at *21-22 (W.D. Va. Mar. 17, 2025); (citing *Hogge v. Stephens*, No. 3:09CV582, 2010 U.S. Dist. LEXIS 102486, at *6 (E.D. Va. Sept. 24, 2010) ("A mere disagreement between doctors does not establish

Timberlake**Smith**
Staunton, VA
540.885.1517

10

that one doctor was deliberately indifferent."), *aff'd*, 469 F. App'x 160 (4th Cir. 2012)). Moreover, the TENS unit recommendation by the specialist in this case was not a mandate and was merely a suggested alternative to the spinal injections which Plaintiff was set to receive. (ECF No. 1-1 at 3.)

When answering Plaintiff's Written Complaints, Nurse Reaves, a registered nurse, was entitled to rely on the medical judgment of the nurse practitioners, physicians, and specialists who were clinically involved in Plaintiff's care, summarized above. *See Cecil v. Lange*, No. 7:18-cv-00641, 2023 U.S. Dist. LEXIS 6173, at *14 n.4 (W.D. Va. Jan. 12, 2023) ("As a nurse, Lange is entitled to rely upon the medical judgment of doctors in following guidelines and providing treatment."); *Edwards v. Kanode*, 2020 U.S. Dist. LEXIS 202884, at *18-19 (W.D. Va. Oct. 30, 2020) ("[A] nurse is entitled to rely on the prescriptions of a doctor or nurse practitioner as a more highly trained medical professional regarding the appropriate course of treatment for an inmate patient and cannot be found deliberately indifferent for doing so.") (citing *Miltier*, 896 F.2d at 854 ("No record evidence suggests why [defendant] should not have been entitled to rely upon [prison's] health care providers' expertise" for appropriateness of evaluation or care previously provided to inmate). Her reliance on their judgment does not establish deliberate indifference.

For all these reasons, Plaintiff has failed to state a claim for deliberate indifference against Nurse Reaves, and she should accordingly be dismissed from this suit.

## Conclusion

WHEREFORE, Defendant Nurse Reaves respectfully requests that this Court grant her motion to dismiss and afford her such other and further relief as this Court finds appropriate.

NURSE REAVES,

By Counsel

TimberlakeSmith
Staunton, VA
540.885.1517

11

By:    /s/        Brittany E. Shipley
       Rosalie Pemberton Fessier
       VSB # 39030
       Brittany E. Shipley
       VSB # 93767
       Attorneys for Defendant Reaves
       Timberlake**Smith**
       25 North Central Avenue
       P. O. Box 108
       Staunton, VA 24402-0108
       phone:  540/885-1517
       fax:      540/885-4537
       email:  rfessier@timberlakesmith.com
                  bshipley@timberlakesmith.com

CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2026, I have electronically filed this document with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Bruce A. Estes
> #1185224
> VDOC Centralized Mail Dist. Cntr.
> 3521 Woods Way
> State Farm, VA   23160

                    /s/        Brittany E. Shipley
       Rosalie Pemberton Fessier
       VSB # 39030
       Brittany E. Shipley
       VSB # 93767
       Attorneys for Defendant Reaves
       Timberlake**Smith**
       25 North Central Avenue
       P. O. Box 108
       Staunton, VA 24402-0108
       phone:  540/885-1517
       fax:      540/885-4537
       email:  rfessier@timberlakesmith.com
                  bshipley@timberlakesmith.com

Timberlake**Smith**
Staunton, VA
540.885.1517

12